IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL SHOPPING PLAZAS, INC. ) ) ) Plaintiff, ) ) v. ) ) CHANG SU HAN, a/k/a CHANG SOO ) HAN, et al. ) ) ) Defendants. ) ) ) | Case No. 03 C 1646<br><br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Plaintiff's motion for voluntary dismissal is before the court. Defendant has filed objections. For the reasons stated in this memorandum and order, the plaintiff's motion is granted.

### Background

Plaintiff was granted leave to file an amended complaint on October 29, 2004. Plaintiff's amended complaint is brought under the Comprehensive Environmental Response Compensation and Liability Act of 1980 as amended by the Superfund Amendments and Reauthorization Act Act of 1986, 42 U.S.C. § 9601 et seq. ("CERCLA") seeking damages allegedly incurred as a result of environmental contamination. Defendants filed a counterclaim on November 29, 2004, which plaintiff answered on December 29, 2004.

Plaintiff seeks to voluntarily dismiss this case on three grounds. First, it states that the United States Supreme Court's ruling in *Cooper-Industries, Inc. v. Aviall Services*, No. 02-1192, (December 13, 2004), "directly impacts this litigation." Second, plaintiff asserts that the defendants acknowledge in their application for insurance from the Drycleaner Environmental Response Trust Fund of Illinois that "there was a release" of contaminants on the property. Third, plaintiff contends that the defendants "may not have any money to pay any judgment realized by the Plaintiff in this matter," and thus does not wish to spend money to prosecute the matter given that any money judgment may be uncollectible.

Defendants object to the motion on several grounds. First, they point to the fact that they have a counterclaim pending against plaintiff. Second, they state that the *Cooper-Industries* decision would only require dismissal of Count II of their counterclaim, and that Count I of both the Amended Complaint and the counterclaim arise under § 107(a) of the CERCLA, which is not affected by the *Cooper-Industries* decision. Further, defendants point to the fact that the counterclaim contains two pendent state law claims that are not affected by the *Cooper-Industries* decision. Third, they state that contrary to plaintiff's representation, they did not acknowledge that there was a release on their property, but rather stated in their application that "[n]o spill has occurred." Finally, they state that no new information has arisen indicating that defendants do not have funds to satisfy a money judgment. Defendants contend that plaintiff seeks to dismiss the complaint now because the defendants' investigation has revealed that "not only was the subject property contaminated *before* it was leased to the [defendants], but that [plaintiff] knew, prior to leasing it to [defendants], that it was contaminated!" Defs. Objection, at ¶9 (emphasis in original).

## Analysis

Fed. R. Civ. P. 41(a)(2) provides in relevant part that:

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objections unless the counterclaim can remain pending for independent adjudication by the court.

Defendants contend that, pursuant to the text quoted above, the counterclaim cannot remain pending for independent adjudication by this court "because it seeks reimbursement from NSP, as owner of the facility where a release has occurred, for the very same 'necessary costs of response' under § 107(a) of the CERCLA, . . . , which are sought by NSP in its Amended Complaint against" defendants. It is not clear to the court how a voluntary dismissal without prejudice of plaintiff's complaint would prevent independent adjudication of defendant's counterclaim. As noted by defendant, they have made a claim under CERCLA pursuant to which federal jurisdiction exists; thus, defendants will be allowed to continue to pursue their counterclaim.

In addition to the text of Fed. R.Civ. P. 41, caselaw has developed regarding when a plaintiff may voluntarily dismiss a case, which neither party addressed but which the court lays out here. "Rule 41(a)(2) grants a district court broad discretion to impose conditions on a voluntary dismissal of a claim." *Mother and Father v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003). If a defendant will suffer "legal prejudice" from a voluntary dismissal, then terms and conditions may be imposed upon the plaintiff. *See United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.1986). "Terms and conditions" that may be imposed include a voluntary

dismissal with prejudice and an award of attorneys' fees. *Cacique, Inc. v. Cannarozi*, No. 03 C 5430, 2004 WL 2384693, at *2 (N.D. Ill. October 20, 2004). However, if a "term and condition" is imposed upon a voluntary dismissal, a plaintiff must be afforded an opportunity to withdraw the motion for voluntary dismissal. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 304-05 (7th Cir. 1994). Four factors are used to guide the determination of whether a defendant will suffer legal prejudice: "(1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Outboard Marine*, 789 F.2d at 502 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)).

Here, certain factors countenance allowing plaintiff to voluntarily dismiss its case. The case was filed in March 3003; however, the discovery schedule was amended in September 2004 to provide for the close of all discovery in August 2005. While it is not clear from the docket how much discovery has actually taken place to date, defendants have clearly expended some time, effort and expense on discovery as they cite to certain pieces of information that the discovery process has disclosed. In addition, defendants are also prosecuting counterclaims; thus, some of the time and money spent on discovery has been to their benefit. While one motion to dismiss was briefed and ruled on, no motions for summary judgment have been filed. Futher, there is also no indication that there has been excessive delay or lack of diligence by the plaintiff.

Admittedly, the reasons provided by plaintiffs for dismissing the case are not particularly compelling. First, plaintiff asserts that the recent decision by the Supreme Court in *Cooper-*

*Industries* directly impacts this litigation, but the defendants contend that it impacts only Count II of the counterclaim and not Count I of the counterclaim and does not affect the plaintiff's complaint whatsoever. Plaintiffs also contend that "the Hans may not have the money to pay any judgment realized by the plaintiff in this matter." However, as noted by defendants, plaintiffs point to no new information that it recently discovered that led them to this conclusion.

The court concludes based on the above facts that no legal prejudice will result from granting plaintiff's motion to dismiss. The court notes that defendants also oppose the motion for voluntary dismissal because they will "ultimately seek entry of a judgment against NSP on its Amended Complaint and attorney's fees for filing a frivolous complaint." However, even upon dismissal, defendants can continue to prosecute their counterclaim and seek judgment against plaintiff on that pleading. And, if plaintiff attempts to refile an action "based upon or including the same claim," plaintiff will be required to pay the costs of this action pursuant to Rule 41(d), which may include attorneys' fees "if the underlying statute that is the basis of the original action [i.e., CERCLA] permits the recovery of fees as costs." *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000).

## Conclusion

For the reasons stated herein, plaintiff's motion is granted. Plaintiff's complaint is dismissed without prejudice. If plaintiff attempts to refile an action "based upon or including the same claim," plaintiff will be required to pay the costs of this action pursuant to Rule 41(d).

DATE: 2/9/05

Blanche M. Manning
**United States District Judge**